IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE TRUJILLO,

        Petitioner,

vs.                                                                                                  No. CIV 12-0406 JB/RHS

CHRISTINE MARTINEZ, Warden,
And GARY K. KING,
New Mexico Attorney General,

        Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S ANALYSIS AND PROPOSED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Analysis and Proposed Disposition, filed October 3, 2012 (Doc. 14)("A&PD").  Petitioner Jesse Trujillo timely filed objections to the Magistrate Judge's Analysis on October 19, 2012.  See Petitioners [sic] Objections (Doc. 15)("Objections").  The primary issues are: (i) whether the Court may grant Trujillo relief in addition to the state habeas corpus relief that the Honorable Michael E. Vigil, District Judge for the First Judicial District, State of New Mexico, provided Trujillo in 2011, requiring that he be provided fair parole hearings annually in accordance with applicable rules and regulations; and (ii) whether Judge Vigil's determination -- that Trujillo's two new life sentences run consecutively to his current life sentence for a 1979 murder, although his sentence of nine years for escape from the penitentiary, which was to be served in between the first and the last two life sentences was dismissed in 1982, is sound under New Mexico law -- is clearly contrary to federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state law proceedings.  The Court will overrule Trujillo's Objections, adopt the A&PD, and deny Trujillo's Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody, filed April 18, 2012 (Doc. 1).  Because Judge Vigil ordered that Trujillo be granted parole hearings annually, the Court agrees with the Honorable Judge Robert Hayes Scott, United States Magistrate Judge's recommendation, in the A&RD, to deny the petition on these grounds, as the Court cannot soundly grant relief to Trujillo in addition to that which Judge Vigil granted.  Similarly, the Court concludes after de novo review that Judge Vigil's conclusion that, under New Mexico law, Trujillo's sentences being imposed consecutively when a sentence in the middle was dismissed, is entitled to deference, and not clearly erroneous.

### LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also

receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the

district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007). In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060.

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a *de novo* determination pursuant to 28 U.S.C. § 636(b) "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States has noted that, although a district court must make a *de novo* determination of the objected to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the magistrate judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with a *de novo* determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to

place on a magistrate's proposed findings and recommendations.'")(quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676)(emphasis omitted).

## ANALYSIS

A party is entitled to file and serve written objections to the magistrate judge's analysis and proposed disposition. See 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court must make "a de novo determination of the . . . specified proposed findings or recommendations to which objection is made . . . ," 28 U.S.C. § 636(b)(1)(C), meaning that the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation," In re Griego, 64 F.3d at 583-84.  In his Objections, Trujillo asserts the same issues and arguments that Judge Scott has reviewed and analyzed. These issues include: (i) Trujillo's contention that he was denied an opportunity to appear in front of the parole board; and (ii) Trujillo's contention that his consecutive sentences have been applied incorrectly.

Trujillo takes issue with Judge Scott's "contention that [Trujillo] declined to appear in front of any parole board." Objections at 1.  Trujillo contends that "[r]egardless how the magistrate Judge attempts to justify his analysis and proposed disposition the fact remain[s] that [Trujillo's] sentence has been illegally enhanced in an [*ex post facto*] fashion." Objections at 1. Trujillo asserts that he was incorrectly sentenced pursuant to N.M.S.A. 1978, § 41-17-24, on August 1, 1979, under a law enacted July 1, 1979, that was to be imposed on persons convicted for a crime committed only after the statute's enactment. See Objections at 2.  He contends that, were he properly sentenced under the statute as it existed before July of 1979 -- at the time he committed the crime for which he was sentenced -- he would have been eligible for parole at ten

years rather than at thirty years. See Objections at 2. Trujillo argues that, based on <u>Devine v. New Mexico Dep't of Corr.</u>, 866 F.3d 339 (10th Cir. 1989), in which the Tenth Circuit held that a plaintiff sentenced pursuant to N.M.S.A. 1978, § 41-17-24, should have been given a parole hearing after ten years or released, Trujillo should have at least been provided a parole hearing within ten years. See Objections at 2. Trujillo thus asserts:

> Petitioner[']s sentence has been illegally enhanced in an [*ex post facto*] fashion because he was not taken in front of a parole board in the time prescribed by the law. Petitioner is required to serve sentences that basically should not exist because they run consecutive to a sentence that does not exist[.] According to New Mexico law irregular sentences are null and void, sentences must be imposed as prescribed by statute. No law state or federal allow sentences that run consecutive to sentences that do not exist. Such sentences are irregular and illegal.

Objections at 2-3.

The Court, having considered *de novo* those portions of the recommended disposition to which Trujillo objects, concludes that his objections are based on the same grounds asserted in his Petition Under 28 U.S.C. § 2254 for Writ of Habeus Corpus by a Person in State Custody, and which Judge Scott analyzed in the A&PD. In <u>Devine v. New Mexico Dep't of Corr.</u>, the Tenth Circuit was faced with the same amendment to the same statute about which Trujillo objects in his habeus corpus petition. The Supreme Court of New Mexico denied Devine's petition for declaratory relief requiring that he should be given parole pursuant to the statute in effect at the time he committed the crime in 1979, rather than under the 1980 amendment that retroactively applied the statute to crimes committed after July 1, 1979. See 866 F.2d at 340-41. The Tenth Circuit held that to retroactively impose the statute and postpone parole eligibility from ten years to thirty years, while not barred by the *Ex Post Facto* clause, was barred by due process:

> [T]he underpinnings of the ex post facto clause compel applying it full force to courts when they enhance punishment by directly delaying parole eligibility. Because retroactive restriction of parole eligibility enhances an offender's punishment, the decision of the New Mexico Supreme Court [to apply the 1980 amendment to Devine] contravened the due process clause of the Fourteenth Amendment . . . .

Devine v. New Mexico Dep't of Corr., 866 F.2d at 344-45. The Tenth Circuit held that the relief for the Supreme Court of New Mexico's unconstitutionally restricting the plaintiff's parole eligibility was that the plaintiff "should be ordered released, unless he is provided a parole hearing after service of ten years imprisonment less any good time credit that may be applicable." Devine v. New Mexico Dep't of Corr., 866 F.2d at 347. Based on the Tenth Circuit's conclusion in Devine v. New Mexico Dep't of Corr., the Court thus agrees with Judge Scott that it

> does not have "the right to correct the mistake [made in applying a right to a parole hearing] by ordering the petitioner released. The most we can do is require the Parole Board to give the petitioner a fair hearing in accordance with its rules and regulations at the earliest possible date."

A&PD at 4 (quoting Jones v. United States Bureau of Prisons, 903 F.2d 1178, 1181 (8th Cir. 1990)). Because the state district judge who adjudicated Trujillo's state habeas claim already ordered that, going forward, Trujillo receive a parole hearing yearly for his first degree murder conviction, the Court cannot soundly grant Trujillo any further relief.

Similarly, with regard to Trujillo's argument that his consecutive sentences are contrary to law, the Court agrees with Judge Scott that Judge Vigil considered and applied New Mexico law to Trujillo's argument. See A&RD at 6; Order Partially Granting and Partially Denying Habeas Corpus Relief, Trujillo v. Williams, No. D-0101-CR-81-00070, slip op. ¶ 4, at 3, filed in state court on September 2, 2011, filed in federal court on July 9, 2012 (Doc. 12-1). Trujillo's argument, as Judge Vigil notes, is that the two consecutive life sentences that he is sentenced to

serve after his current life sentence should be vacated because, as an intervening nine-year sentence for escape from the penitentiary was dismissed, "and the State did not seek to amend the Judgment and Sentence in [the latter two life sentences] to reflect that the sentence was to be served consecutively to [the first life sentence], 'the court has lost the opportunity . . . to adjust or otherwise correct this illegal sentence' . . . ." Trujillo v. Williams, No. D-0101-CR-81-00070, slip op. ¶ 3, at 3. Judge Vigil notes, however, that, because N.M.S.A. 1978, § 31-18-21(A)(1977) provides that any sentences for a crime commissioned while in prison require the sentences to be served consecutively to the sentence being served,

> the [latter] two life sentences . . . must, by operation of law, be served consecutively to the life sentence in the Bernalillo County case for which Petitioner was serving time when he committed the crimes . . . . Amending the Judgment and Sentence in [the latter two life sentences] would only have served to memorialize a non-discretionary statutory requirement.

Trujillo v. Williams, No. D-0101-CR-81-00070, slip op. ¶ 4, at 3.

> Where the state court has adjudicated a claim on the merits, we may only grant relief if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Byrd v. Workman, 645 F.3d 1159, 1166 (10th Cir. 2011), cert. denied, 132 S. Ct. 763 (2011)) (quoting 28 U.S.C. § 2254(d)(1) and (d)(2)). The Court cannot soundly find that Judge Vigil's determination that the sentences are to be served consecutively under operation of New Mexico state law was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts. The Court will therefore adopt the Judge Scott's A&RD, and deny Trujillo's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed April 18, 2012 (Doc. 1). Judge Scott having fully addressed Trujillo's claims and objections, and Trujillo has not presented any sound legal

or factual arguments on which to grant habeas corpus relief.  The Court therefore concludes that it should dismiss this civil proceeding with prejudice.

**IT IS ORDERED** that: (i) Petitioner Jesse Trujillo's objections in his Petitioners [sic] Objections, filed October 19, 2012 (Doc. 15), are overruled; (ii) the Magistrate Judge's Analysis and Proposed Disposition, filed October 3, 2012 (Doc. 14) is adopted; and (iii) Trujillo's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed April 18, 2012 (Doc. 1), is denied, and judgment is rendered dismissing this civil proceeding with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Jesse Trujillo
Red Onion State Prison
Pound, Virginia

    *Plaintiff pro se*

Gary K. King,
  Attorney General for the State
    of New Mexico
Margaret E. McLean
  Assistant Attorney General
Santa Fe, New Mexico

    *Attorneys for the Defendant*